## HELEN S. STRAUCH, ET AL.
### vs.
## JOHN STEVENSON

Superior Court        Fairfield County        File No. 56583

MEMORANDUM FILED DECEMBER 27, 1938.

*Dennis T. O'Brien, Jr.,* of Meriden, for the Plaintiffs.

*Richman & Silver,* of New Haven, for the Defendant.

MUNGER, J.  The motion for disclosure must be denied inasmuch as it seems clear that the order and answer to the interrogatories would be nothing more or less than to grant the relief sought in the complaint by means of this preliminary motion.  The relief sought is an equitable one of an accounting.  The defendant must have an opportunity to plead.  Assume that the court should order the defendant to answer the interrogatories, for example, numbers 4, 5 and 6, which ask the defendant to state what property he now has on hand, and what income he has received.  This is only asking him to account.  If the prayer of the complaint is granted and the accounting is ordered, the defendant must necessarily set forth all of the facts as to which a disclosure is prayed, including the last four interrogatories, that is to say, he must state necessarily in his account what securities he has, what the income is and has been, what he has done with it, and it then may be inquired into as to whether or not any of this property is claimed as his own. The first step in the proceeding is the ordering of the account, and until the defendant has had an opportunity to plead, as above stated, the relief sought cannot be gained in this manner.  The court must deny an order that the defendant answer the interrogatories as filed.